## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHARLENE F. RECHEL,
     Plaintiff

Case No. 1:06-cv-690
(Dlott, J.; Hogan, M.J.)

vs

COMMISSIONER OF
SOCIAL SECURITY,
     Defendant

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees and costs under the

Equal Access to Justice Act (EAJA) (Doc. 21), and defendant's memorandum in opposition.

(Doc. 22).

On November 27, 2007, this Court issued a Report and Recommendation that plaintiff's

case be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C.

§ 405(g). The Court further recommended that this matter be remanded pursuant to Sentence Six

of 42 U.S.C. § 405(g). (Doc. 18). On January 15, 2008, the District Court adopted the

undersigned's recommendation and issued a final appealable order. (Doc. 19). Pursuant to the

Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees

and other expenses must be submitted within thirty (30) days of final judgment. The EAJA

defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. §

2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.*, 923 F.2d 1200, 1202 (6th Cir.

1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired.

*See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff's application for attorney fees was

filed on March 31, 2008. (Doc. 21). Thus, plaintiff's motion is timely and properly before the

Court.

The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other
> expenses, in addition to any costs awarded pursuant to subsection (a), incurred by
> that party in any civil action (other than cases sounding in tort), including
> proceedings for judicial review of agency action, brought by or against the United
> States in any court having jurisdiction of that action, unless the court finds that the
> position of the United States was substantially justified or that special circumstances
> make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the

claimant be the prevailing party; (2) that the government's position was not substantially

justified; and (3) that no special circumstances make the award unjust.

## Prevailing Party

The Equal Access to Justice Act allows for an award of attorney fees if the party is the

"prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did

not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is

undisputed that at the time this action was filed, plaintiff's net worth was less than $2,000,000.

Moreover, plaintiff became the "prevailing party" when she obtained a reversal and remand for

further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) and a remand pursuant to

Sentence Six of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993)

(social security claimant who obtains a sentence four judgment reversing denial of benefits and

requiring further proceedings is "prevailing party" for purposes of EAJA).

## Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis

in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988).

2

The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as an atomized line-items."). It is the government's burden under EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001), citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991); *United States v. 5,507.38 Acres of Land*, 832 F.2d 882, 883 (5th Cir. 1987). *See also Howard v.*

*Heckler,* 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412 (d)(2)(D).

In the present case, the Court determined that the ALJ applied the incorrect legal standard in evaluating plaintiff's cardiac impairment. The ALJ failed to consider whether plaintiff's cardiac impairment was *expected* to last 12 months, and only considered that as of the time of the ALJ's decision the medical records did not show plaintiff's heart impairment had in fact lasted for 12 months in contravention of Social Security's own regulations and the law of this Circuit. See 20 C.F.R. § 404.1509; *Salamalekis v. Commissioner of Social Sec.*, 221 F.3d 828, 832 (6th Cir. 2000) ("[T]he complete definition of 'disability' under the Act . . . covers not only those impairments that actually last 12 months, but also those impairments expected to last 12 months."). The Court also determined that the ALJ's RFC finding, which failed to take into account plaintiff's cardiac impairment, was not supported by substantial evidence. The Court therefore reversed and remanded this case under Sentence Four of 42 U.S.C. § 405(g). In addition, the Court also found that a remand was warranted under Sentence Six of Section 405(g) on the basis of new and material cardiac impairment evidence presented by plaintiff.

The Commissioner contends he had a reasonable basis for concluding that the ALJ's severity and RFC errors were harmless because the additional cardiac evidence considered by the Court, to wit, Dr. Vasiloff's report, did not document limitations greater than those reflected in the ALJ's RFC finding and therefore a remand under Sentence Six was not appropriate. (Doc. 22 at 4-5).

The Commissioner, however, fails to justify or address the legal error made by the ALJ

4

with respect to the Sentence Four reversal and remand. Here, the ALJ applied an erroneous principle of law requiring this matter be reversed and remanded under Sentence Four of § 405(g). *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 175-176 (6th Cir. 1994). To be substantially justified, the Commissioner's position must have a "reasonable basis both in law and fact." *Pierce*, 487 U.S. at 565. The Commissioner ignores the ALJ's application of an erroneous legal standard at step two of the sequential evaluation process and fails to show that its position had a reasonable basis in law given the ALJ's failure to follow Social Security's own regulations and the law of the Sixth Circuit. This Court has refused to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard. *See Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984). *See also Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (government's position not substantially justified where ALJ failed to comply with applicable Social Security regulation); *Fraction v. Bowen*, 859 F.2d 574, 575 (8th Cir. 1988) (claimant entitled to EAJA fees where government acted "contrary to clearly established circuit precedent"); *Williams v. Sullivan*, 775 F. Supp. 615, 618-19 (S.D.N.Y. 1991) (government's position was not substantially justified given established Second Circuit law). Since the Commissioner fails to set forth a "reasonable basis in law" for the ALJ's decision, the government has not met its burden of proving substantial justification for its position in this case. The Court therefore finds that the Commissioner's position in this matter was not substantially justified.

## Special Circumstances

No evidence in the record suggests that special circumstances bar a fee award here, and

5

the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A).

Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is

entitled.

## Calculation of Fee Award

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing
> market rates for the kind and quality of the services furnished,
> except that . . . attorney fees shall not be awarded in excess of $125
> per hour unless the court determines than an increase in the cost of
> living or a special factor, such as the limited availability of
> qualified attorneys for the proceedings involved, justifies a higher
> fee.

28 U.S.C. § 2412(d)(2)(A).

With respect to the first of these factors, *i.e.,* the prevailing market rate charged by Social

Security practitioners in southwestern Ohio, the Court held as long ago as 1992 that the

applicable rate is at least $100.00 per hour. *See, e.g., Hayes v. Sullivan*, Case No. 1:89-cv-681

(S.D. Ohio Aug. 31, 1992)(Doc. 18); *Hines v. Sullivan*, Case No. 1:89-cv-364 (S.D. Ohio Sept.

16, 1992)(Doc. 26). Accordingly, the Court so finds here as well. More recently, the

Court has awarded EAJA fees of $147.25 per hour. *See Malone-Hill v. Commissioner of Soc.

Sec.,* Case No. 1:01-cv-119, (S.D. Ohio Aug. 21, 2002)(Doc. 13).

The Court next examines the second and third statutory criteria, namely the cost of living

and other "special factors." Although the cost of living "has risen since the enactment of the

EAJA," *Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992), the

decision whether this increase justifies a fee in excess of the $125.00 statutory rate is a matter left

within the district court's discretion. *Id.* at 200. The Sixth Circuit has stated that the $125.00

6

"statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [\$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in the original). The Court of Appeals has "neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

In this case, plaintiff has requested a cost of living increase for services rendered after March 29, 1996, the date the statutory rate increased from \$75.00 to \$125.00. *See London v. Halter*, 203 F. Supp.2d 367, 373 (E.D. Tenn. 2001). The Court concludes that an increase in the statutory \$125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA.

This Court has recently determined that the cost of living increase should be based on the multiplier for the particular year in which compensable services were rendered (historic rates), rather than for the year in which plaintiff filed his EAJA petition (current rates). *See Jones v. Commissioner of Social Security*, 2007 WL 1362776 (S.D. Ohio May 8, 2007) (Barrett, J.).[1]

---

[1]Utilizing cost of living adjustment rates based on the date plaintiff became a prevailing party or when the court awards fees (current rates) would be tantamount to an award of prejudgment interest against the government contrary to the rule set out in *Library of Congress v. Shaw*, 478 U.S. 310, 320-21 (1986). In *Shaw*, the Supreme Court held that interest cannot be recovered in a suit against the United States absent an express waiver of sovereign immunity from the award of interest separate from a general waiver of immunity to suit. 478 U.S. at 311. This so-called no-interest rule has been applied to EAJA fee cases in determining the appropriate cost of living adjustment rate to employ. *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Kerin v. United States Postal Service*, 218 F.3d 185, 194 (2d Cir. 2000); *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 712 (D.C. Cir. 1997); *Marcus v. Shalala*, 17 F.3d 1033, 1039-40 (7th Cir. 1994); *Perales v. Casillas*, 950 F.2d 1066, 1074-77 (5th Cir. 1992). The Circuit Courts in these cases have held that adjusting EAJA fees for inflation for a period of time that occurred after legal services were rendered constitutes an award of interest from which the United States is immune absent Congressional authorization. *Id.* This Court agrees that using the "current" cost of living adjustment rate to calculate the amount of attorney's fees in this case would amount to a de facto award of pre-judgment interest and violate the

7

In determining the COLA rate to use, the Court notes that the CPI is published on a monthly basis as well as on an annualized basis. Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred. *See Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *Knudsen v. Barnhart*, 2004 W.L. 3240489, *10 (N.D. Iowa 2004); *Gates v. Barnhart*, 325 F. Supp.2d 1342, 1347 (M.D. Fla. 2002). In the event that an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year. *See Knudsen*, 2004 W.L. 3240489, *10; *Gates*, 325 F. Supp.2d at 1347.

Applying these principles to the instant case, the Court computes the COLA increase as follows. The Court applies the Consumer Price Index (CPI) for Services for the Midwest Urban area.[2] *See Riley v. Barnhart*, Case No. 1:02-cv-625 (S.D. Ohio Feb. 10, 2005) (Weber, J.) (Doc. 39, adopting Report and Recommendation of Dec. 3, 2004) (use of the CPI of "services" is a more accurate reflection of increase in value of legal services than CPI of "all items"). In March 1996, when the $125.00 statutory rate became effective, the CPI was 166.5 for Midwestern Urban consumers. In 2006, the CPI was 228.1. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $171.25. (2006 CPI of 228.1 divided by March 1996 CPI of 166.5 times $125.00). In 2007, the CPI was 234.476. Adjusted for the increased cost of

---

sovereign immunity of the government. The Court therefore utilizes the "historic" COLA rates in determining fees in this matter.

[2]U.S. Department of Labor Bureau of Labor Statistics, Consumer Price Index– All Urban Consumers, Midwest Urban, Services, 1982-84=100 (http//data.bls.gov/cgi-bin/surveymost).

8

living, the statutory rate of $125.00 is increased to $176.03 (2007 CPI of 234.476 divided by March 1996 CPI of 166.5 times $125.00). In January 2008, the only month in 2008 during which plaintiff's attorney performed legal work, the CPI was 237.529. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $178.32 (January 2008 CPI of 237.529 divided by March 1996 CPI of 166.5 times $125.00).

As discussed above, the proper CPI for legal services rendered should be based on the "Midwest Urban, Services" CPI for the year in which those services were performed. Plaintiff does not argue that his request for a $165.00 hourly fee is based on any CPI for any particular year. Had plaintiff sought a fee award applying the annualized CPI for Services for the Midwest Urban, which this Court finds to yield the proper cost of living increase, plaintiff's counsel would have been entitled to hourly fees ranging of $171.25 for work performed in 2006, $176.03 for work performed in 2007, and $178.32 for work performed in January 2008. Accordingly, the Court finds the $165.00 rate sought by plaintiff to be reasonable in this matter.[3]

Plaintiff has not requested an increase in the rate based upon any "special factor." *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, the Court need not address the "special factor" inquiry.

The Court next turns to a discussion of the applicable hours plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $165.00 hourly rate shall be applied. Counsel submits that 17.50 hours of attorney time was spent on this case before the District Court, including the preparation of the EAJA fee petition which is compensable pursuant to *Commissioner v. Jean,* 496 U.S. 154, 162 (1990). The Commissioner challenges .75 hours

---

[3] Because the rates proposed by plaintiff are lower than the result obtained by the Court using the 2006, 2007, and 2008 CPI, the United States will not be prejudiced in adopting the rates proposed by plaintiff.

expended by counsel for seeking three extensions of time of 15 minutes each. See Doc. 21,

Schedule A, entries of 2/5/07, 3/7/07, and 3/19/07). Plaintiff's request for three short extensions

of time are not unreasonable. The Court routinely grants extensions of time in social security

cases for both plaintiffs and the Commissioner. The Court declines to reduce plaintiff's request

for fees by .75 hours in this matter.

The Court has reviewed the number of hours submitted by counsel and finds such hours

reasonable and relevant to the prosecution of this matter. Compensation for the 17.50 hours at

the $165.00 hourly rate yields an attorney fee of $2,887.50. Accordingly, the Court finds the

requested fee by counsel to be reasonable and should be awarded under EAJA.

The Court therefore **RECOMMENDS** that the EAJA fee petition filed by plaintiff's

counsel be **GRANTED,** and that counsel be **AWARDED $2,887.50** in attorney fees and $350.00

in costs and expenses for a total award of **$3,237.50**.

Date: 7/25/08

Timothy S. Hogan
United States Magistrate Judge

10

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

11